## BOUTWELL v. GUNTER.

No. 5819.

Court of Appeal of Louisiana. Second Circuit.

Jan. 10, 1939.

R. V. Reeves, of Oak Grove, for appellant.

John M. Hester, of Oak Grove, for appellee.

DREW, Judge.

This is a petitory action in which the plaintiff seeks to recover an undivided one-half interest in eighty acres of land situated in West Carroll Parish. The plaintiff further asks for a judicial partition thereof and for an accounting of the rents and revenues of the property.

After an examination of the record, we find the facts to be as follows:

In 1910, the parents of the plaintiff acquired the property involved in this action by patent from the United States Government. Upon the death of the said parents in 1911, the property in question passed to Arthur Boutwell and Herman Boutwell, plaintiff herein. At the death of his mother, survivor in community, Herman Boutwell was only two years of age.

Some years later, Arthur Boutwell mortgaged his interest in the property to R. J. Walker. This was foreclosed and adjudicated to Mr. Walker in March, 1923, at which time he paid all taxes due on this interest to that date. It appears that the entire tract was assessed in the name of Arthur Boutwell for the year 1922. In June, 1923, Mr. Walker purchased the remaining half interest of the property at a tax sale for non-payment of the 1922 taxes.

The defendant, Leon Gunter, purchased the property on January 17, 1934, from several charitable institutions which trace their title back to Walker. The defendant sets up this tax sale in order to defeat the demands of the plaintiff. He further pleads three, five and ten-year prescription, and in addition thereto sets up a plea of estoppel.

It is the contention of the plaintiff in this action that Walker purchased the property as a cotenant, thereby purchasing in the name of his co-owner, thus acquiring no interest in the property other than a right to the reimbursement of taxes and expenses paid by him. However, we are of the opinion that this doctrine will not apply in the present situation. The property sold at tax sale was not owned in common by Walker and the plaintiff. Three months prior to the sale, Walker had acquired an undivided one-half interest in the property *and at that time he paid all taxes due on that portion of the property up to that date.* In June, the *remaining* one-half interest in the property which was assessed to Arthur Boutwell was sold at a tax sale. Walker had no interest whatsoever in the property which was offered for sale. The taxes on his interest in the property had been fully paid some three months in advance of the sale. His motive in purchasing the property could not have been to protect an interest held by him in the property, as he had none. His purchase of the property can no more be said to have been made for the benefit of the plaintiff than the purchase of property sold for taxes by the owner of the land next adjoining.

We are convinced that, in order to invoke the doctrine relied upon by plaintiff, it must be clearly shown that the purchaser was a part owner of the property offered for sale and is therefore a delinquent tax debtor, as regards that specific property. Even though Walker had owned the property sold in common with the plaintiff, he would by his inaction be barred from asserting any claim as against the defendant, Gunter, an innocent third party who subsequently purchased the property, relying upon the public records. The right of a co-owner to reinvest title

in himself by payment of taxes and expenses due to the purchaser is not without its qualifications. It is not founded upon codal provision, but is the result of the application of equitable principles on the part of the judiciary. It is true that this right might be exercised even beyond the ordinary redemptive period—which was one year at the time the property in question was sold—but it cannot be said to exist ad infinitum. Even though the property remains in the hands of the purchasing co-owner, the right must be exercised within a reasonable time. Voicing the opinion of the Supreme Court, in the case of Duson v. Roos, 123 La. 835, 49 So. 590, 131 Am.St.Rep. 375, Justice Provosty made the following statement [page 593]:

"After property has been sold at tax sale, however, the former owners of it cannot be compelled to redeem or reacquire it. Hence it is optional with them to take advantage or not of this doctrine by which a title acquired by any one of the co-owners from the purchaser at the tax sale inures to the benefit of the other co-owners. These other co-owners have a right to require their co-owner to make them title in the proportion of their former co-ownership; but this right is not founded upon any codal provision, but on mere equitable considerations, and, such being the case, must be exercised within a reasonable time or it will be lost. These other co-owners cannot sleep upon this right, await developments, to see whether the property will grow in value or not, and then exercise the rights or not, according to the event. He who seeks equity must do equity."

In the present case, fourteen years elapsed between the date of the tax sale and thé filing of the present action. The plaintiff was fourteen years of age at the time of the sale and had no capacity to act in his own interest. He testifies that he first learned of the transaction in 1936, some six years after he reached the age of majority. However, he makes the following statement on cross-examination:

"Q. Mr. Boutwell, did you discuss this with Mr. Andrews before you went into the army? A. Yes, I did talk with him about it.

"Q. When did you go to the army? A. In 1927.

"Q. That was before 1936? A. Yes."

On re-direct examination the plaintiff reiterates the above testimony and it appears that Mr. Andrews is an attorney whom he asked to look into the matter for him. Quoting partially from this testimony:

"Q. You were informed that you could not recover your property by Mr. Andrews? A. He did not say for sure.

"Q. Did he say he would look into this matter? A. Yes, sir.

"Q. You have never seen or corresponded with him about it? A. I saw him after that and stopped him in the hall of the Court House and he said that he had no time to fool with it then."

From' this testimony, it is apparent that the plaintiff was aware that he had a possible claim to the property more than ten years before this suit was instituted. It is true that he had not reached the age of majority at the time he conferred with Mr. Andrews, but it is equally true that he did know of his possible claim and has allowed seven years to elapse since his coming of age before asserting any claim to the property. In the meantime, the defendant, Gunter, had purchased the property in good faith, had been in possession more than three years at the time the suit was filed, and has gone to considerable expense in the improvement of the property. The value of the property has increased considerably since the plaintiff reached the age of majority and the value at the present time is far greater than at the time the sale for taxes took place.

A long line of cases, including, Duson v. Roos, supra; Cooper v. Edwards, 152 La. 23, 92 So. 721; Harrell v. Harrell, 174 La. 957, 142 So. ·138, point out that there must be some action on the part of the co-owner within a reasonable time. The plaintiff here is not seeking that equity should be done, but. rather that it should be undone. The title of the defendant in the property should not be disturbed.

We are not now called upon to decide whether or not an action may be brought by a co-owner to reinvest title in himself of property sold to his co-owner at a tax sale even after the property has passed into the hands of an innocent purchaser for value relying upon the public records, when the suit was filed within five years after the purchase by an innocent purchaser. We have held that the property pur-

chased at the tax sale was not the property held in common, within the meaning of the doctrine relied upon by plaintiff for the reason there was no trust relationship between Walker and the plaintiff, and feel it unnecessary to further dispose of the plaintiff's contention in this matter.

It is further urged in the brief of appellee, Boutwell, that no tutor was ever appointed to handle his affairs and no tutor ad hoc was ever appointed for accepting notice when the property was sold for taxes, as is required by Act No. 170 of 1898. Lack of notice was not alleged in the pleadings nor was any evidence introduced on the part of the plaintiff that would tend to enlarge the pleadings as regards this matter. The question as to whether such notice, as is required, was given cannot now be raised. Pleas and issues not raised in the lower court cannot be considered on appeal. Succession of Turgeau, 130 La. 650, 58 So. 497.

For the foregoing reasons, the decision of the lower court is reversed and the demands of plaintiff are hereby rejected, at his costs.