HERGET, Judge.
Plaintiff, Securities Finance Company, Inc., obtained judgment against Defendants •on a note, with recognition of a collateral mortgage by default, on November 8, 1963. Subsequent thereto garnishment proceedings were instituted by Plaintiff against Defendants. On March 30, 1964 Defendants, through counsel, in the same proceeding filed a rule nisi, and an order was directed to Securities Finance Company, Inc. ordering them to appear and show cause why they should not give an accounting of all funds paid to them by movers; why they should not give movers credit for all unearned discounted interest on said note; and why they should not accept a pay-off and dismiss the garnishment proceedings. To this motion, counsel for Securities Finance Company, Inc. filed a peremptory exception and then answered.
The extract of the minutes of the Court filed in the record, dated April 10, 1964, show :
“Rule
“This matter came up on rule to show cause filed by the defendant, Plaintiff and defendant in rule filed exceptions' to the rule. The exceptions be referred to the merits and the defendant five days to file answer. By agreement of all attorneys in this matter after answer has been filed the matter be submitted upon plaintiff in rule filing briefs within five days and defendant in rule be given five days after filing of plaintiff ;s in rule. Matter be submitted. Agreed by attorneys that the matter be decided in open court or in the chambers in any parish of the District.”
Judgment was then read, rendered and signed on June 1, 1964 overruling the exception and making the rule absolute.
From this judgment, on June 18, 1964 counsel for Securities Finance Company, Inc. obtained an order for suspensive appeal from the judgment rendered June 1st, returnable to this Court August 15, 1964. On the same date appellants furnished their appeal bond in accordance with the order.
On September 21, 1964 counsel for ap-pellee filed motion in this Court seeking to have the appeal dismissed for the reason, “The record does not contain a transcript of testimony or statement of the facts agreed to by the parties, or made by the trial court as required by Articles 2130 and 2131 of the Louisiana Code of Civil Procedure.”
Counsel for Securities Finance Company, in response to the motion to dismiss, an *191 swered and admitted the record contained no transcript of testimony with reference to the hearing had before the Court on April 10, 1964 and averred no witness was called to testify and no statement of facts was agreed to by the parties because there was no testimony taken. This is apparent from a reading of the extract of minutes of April 10, 1964 quoted hereinabove.
Further answering appellant maintains the motion should be dismissed as in accordance with LSA-C.C.P. Article 2161 mover’s motion to dismiss was not timely filed. The record reflects counsel for appellant are. correct in their assertion.
Motion to dismiss denied.