*195
 
 SANDERS, Justice.
 

 On application of the appellant, Clifford F. Favrot, Jr., we granted certiorari to review a judgment of the Court of Appeal dismissing his appeal in this matrimonial action. 200 So.2d 295.
 

 After a series of hearings in the district court, that court rendered judgment on October 14, 1966, decreeing defendant Clifford J. Favrot, Jr., in contempt of court. On November 16, 1966, the trial court also rendered judgment redefining visitation rights, increasing child support to $500.00 per month, and taxing court costs against Favrot. The trial judge signed the latter judgment on November 18, 1966. On December 2, 1966, the district court granted the defendant a devolutive appeal from the contempt judgment and a suspensive and devolutive appeal from the custody-support judgment returnable to the Court of Appeal on January 31, 1967. The appellant filed the appeal bond in the sum of $2500.00 the same day the court granted the appeal.
 

 On motion, the Court of Appeal dismissed the suspensive appeal from the custody-support judgment but maintained the devolutive appeal. Later, the trial court extended the return date for the appeal to March 23, 1967.
 

 The clerk of the district court filed the record in the Court of Appeal on March 16, 1967, before the return day. The record contained no evidence.
 

 On April 6, 1967, the appellant filed a motion in the Court of Appeal for an extension of time to file briefs and for a mandamus for the transcription of the evidence taken on October 10 and 14 and November 16, 1966, after payment of transcription costs by appellant. The alternative writ of mandamus was made returnable on April 28, 1967. On April 7, however, appellee filed a motion to dismiss the appeal on the ground the appellant had failed to pay the cost of the transcript of evidence in violation of LSA-R.S. 13 :4532 and LSA-C. C.P. Arts. 2124, 2126, and 2127. In dismissing the appeal, the Court of Appeal stated:
 

 “It is clear to us that appellant’s refusal to pay for the transcript of the testimony as ordered by the trial judge constituted a failure on his part to timely perfect his appeal in accordance with law.”
 

 We accept the Court of Appeal’s finding that the omission of the evidence from the record was imputable to the appellant. We, however, disagree with the dismissal of the appeal.
 

 When an appeal bond is required, the jurisdiction of the Court of Appeal attaches upon the timely filing of the bond. LSA-C.C.P. Art. 2088. Thereafter, the Court can dismiss the appeal only upon the grounds and in the manner provided in the Louisiana Code of Civil Procedure articles specifically governing the dismissal of
 
 *197
 
 appeals. Since appeals are favored in law, they should be maintained unless a legal ground for dismissal is clearly shown. Portier v. Marquette Casualty Company, 245 La. 702, 160 So.2d 585; Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62.
 

 LSA-C.C.P. Article 2161 provides:
 

 “An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
 

 A material omission from the record on appeal is an irregularity or defect within the intendment of the above article. When the omission is imputable to appellant, the appeal may be dismissed when a motion is timely filed.
 

 In the present case, the record was lodged in the Court of Appeal prior to the return day. Hence, the three-day delay runs from the return day, March 23, 1967. The respondent filed the motion to dismiss the appeal on April 7, 1967, well beyond the time allowed.
 

 To satisfy the statutory delay, the respondent contends the action of the Court of Appeal ordering the district judge to show cause why the record should not be completed, returnable on April 28, 1967, extended the return day for the appeal. We find no merit in this contention. The return day of an appeal is fixed and extended by the trial court. See LSA-C.C.P. Art. 2125. Moreover, the Court of Appeal order contains no reference to an extension of the return day.
 

 The respondent next contends the filing of an incomplete record does not constitute the lodging of the “record on appeal” under LSA-C.C.P. Article 2161. Hence, respondent reasons a motion to dismiss is timely as long as the record is incomplete. The answer to this contention is found in LSA-C.C.P. Article 2132, which provides:
 

 “A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or
 
 which omits a material part of the trial
 
 record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.” (Italics ours.)
 

 This Article clearly contemplates material omissions from the record on appeal and provides a method of correction. Although the evidence was omitted, the record filed in the Court of Appeal was a
 
 *199
 
 record on appeal for applying the delay provision of LSA-C.C.P. Article 2161.
 

 When the evidence has been omitted from the appellate record, a motion to dismiss the appeal filed after the three-day delay of LSA-C.C.P. Article 2161 comes too late. Parker v. Charles Tolmas, Inc., La.App,, 169 So.2d 191; Securities Finance Company v. White, La.App., 169 So.2d 189.
 

 In dismissing the appeal, the Court of Appeal relied upon Thibodeaux v. Cayard, 52 La.Ann. 1374, 27 So. 737; Jeanfrau v. Plaquemines Parish Democratic Executive Committee, 204 La. 713, 16 So.2d 241; Danna v. Yazoo & M. V. R. Co., La.App., 154 So. 365; and Cavalier v. LaSalle, La. App., 126 So.2d 23. These decisions are in-apposite. In
 
 Thibodeaux,
 
 the motion to dismiss the appeal was filed within two days after the filing of the record in the Supreme Court. In
 
 Jeanfrau,
 
 the appeal was under a primary election statute. No record at all was filed in the Supreme Court within the time required by the statute. In
 
 Danna,
 
 because of the failure of appellant to pay the Court of Appeal filing fee, no record was filed by the return day. In
 
 Cavalier,
 
 the extended return day had passed, and no record had been filed.
 

 We conclude the relator’s appeal was improperly dismissed.
 

 The relator has urged this Court to grant him relief from the transcription of testimony unrelated to his appeal. But the proper disposition, in our opinion, is to remand the case to the Court of Appeal for further proceedings.
 

 For the reasons assigned, the judgment of the Court of Appeal dismissing the appeal is reversed and the case is remanded to the Court of Appeal for further proceedings consistent with the views herein expressed and according to law. All costs in this Court are assessed against the respondent, Manette Suthon Favrot. The assessment of other costs is to await the final outcome of the appeal.