SAVOY, Judge.
Defendants-appellees have filed a joint motion to dismiss the appeal in the instant case.
The record reveals that on February 17, 1968, plaintiffs applied to the district court for a devolutive appeal from the judgment rendered against them. The district judge granted the appeal on May 17, 1968, returnable on July 16, 1968, upon plaintiffs furnishing bond in the sum of $350.00. The bond was furnished as required by the district court. On motion of counsel for plaintiffs dated July 15, 1968, the trial judge extended the return date for filing the appeal in this Court to August 15, 1968. By similar motion dated August 14, 1968, the trial judge extended the return date for the *393 appeal to this Court to August 27, 1968. On August 27, 1968, the record was lodged in this Court.
In the motion to dismiss counsel for defendants urge that the record was not timely lodged in this Court, inasmuch as it was not lodged until August 27, 1968, and contained purported orders of extension of the return date which were ineffective because (a) they were entered on motion of attorneys for the appellants rather than on motion of the Clerk of the district court, and (b) any inability on the part of the Clerk of the district court to complete the transcript prior to August 27, 1968, was within the control of and imputable to appellants. Counsel further urges, alternatively, that the record as lodged in this Court on August 27, 1968, is incomplete and has material omissions, in that two exhibits which were introduced by appellants at the trial of exceptions are not contained in the record, and this omission in the record was and is within the control of and is imputable to the appellants.
In briefs supporting their position counsel for defendants-appelleees take the position that only the Clerk or Deputy Clerk may apply for extension of the return date under the terms of LSA-C.C.P. Article 2125 (see also LSA-R.S. 13:4438). Therefore, it is urged that the extension obtained on behalf of counsel for appellants was unauthorized by law, and the transcript was not timely filed herein. Appellees cite in support of their conclusion Básele v. Perez, 224 La. 1014, 71 So.2d 551 (1954). This decision, however, rested upon the terms of Article 883 of the Code of Practice of 1870 which was repealed by the 1960 Code of Civil Procedure. Under LSA-C.C.P. Article 2125 the trial court is granted discretion in extending the return date of the appeal for sufficient cause.
Accepting the contention of the ap-pellees that the late filing was due to difficulty or delay in attempting to obtain copies of succession proceedings to file in the record, we believe this to be sufficient cause to extend the return date, within the discretion of the trial court.
Further, the circumstance that LSA-C.C.P. Article 2125 and LSA-R.S. 13:4438 (1960) specifies that the trial court “may” extend the return date upon application of the Clerk or Deputy Clerk does not, in our opinion, prevent the trial court from exercising this discretionary power upon timely motion of any party to the proceeding. We do not regard the grant of this discretionary power to extend the return date as so rigidly formalized as to strike with invalidity a motion for the same relief filed with any other party, especially in view of the entire approach of the Code of Civil Procedure revision to eliminate technicalities which caused the unnecessary dismissal of appeals on procedural grounds. See LSA-C.C.P. Article 2127.
With regard to the omission from the record of certain exhibits introduced in evidence, an appeal may be dismissed upong timely motion, it is true, for a material omission from the record resulting from default on the appellants’ part. See Favrot v. Favrot, 252 La. 192, 210 So.2d 316. However, we do not believe the outright dismissal of an appeal for such cause to be warranted under the new Code in the absence of flagrant circumstances, especially since under LSA-C.C.P. Article 2132 such omissions can be readily corrected by stipulation, by order of the trial court or by the appellate court.
As Justice Sanders stated in Favrot, supra, an appeal should be maintained unless legal ground for dismissal is clearly shown, citing LSA-C.C.P. Article 2161. We do not feel legal ground for dismissal has been clearly shown in the instant case.
For the reasons assigned, the motion to dismiss the appeal is denied. Costs of this proceeding to await final determination of the case.
Motion to dismiss appeal denied.