SAVOY, Judge.
This case is on appeal from a judgment of the district court maintaining exceptions of no right of action and peremption filed by defendants, and dismissing plaintiffs’ suit.
The facts of this care are not in dispute, and the matter for determination is one of law.
In the instant case plaintiffs are claiming an undivided 1/3 interest in certain lands in St. Martin Parish which land is described in their petition. Made defendants are Jeanerette Lumber & Shingle Co., Ltd. and Shell Oil Company.
For a cause of action plaintiffs allege they are the heirs of U. A. Guilbeau; that the ancestors in title of Jeanerette Lumber purchased the undivided I/3 interest owned by Guilbeau in the subject property at a tax sale in 1890; that the tax sale is invalid for the reason that the purchasers at the 1890 tax sale were co-owners with Guil-beau, they being the owners of an undivided yz interest in said property, and that under the jurisprudence of this State, the adjudication to one of several joint owners of property at a tax sale does not divest the other co-owners of their interest in tRe. property; that the tax sale operates merely as a payment of taxes for the benefit of all of the co-owners with the right of the ad-judicatee to be reimbursed the amount paid by him.
Defendants, on the other hand, contend that Milmo Stokoe & Company, ancestors in title of Jeanerette, acquired the 2/3 inter *546 est in the subject property in transactions entirely separate from Guilbeau and his heirs; that on the 1899 tax rolls of St. Martin Parish, Louisiana, Milmo Stokoe & Co.’s yí interest was assessed separately from the j/3 owned by Guilbeau.
Shell contends further that irrespective of our decision in this case, it is a third party, and plaintiffs cannot enforce any rights which they may have against Jean-erette.
The question to be determined insofar as Jeanerette is concerned is whether the rule prohibiting a co-owner’s purchase is property held in indivisión at a tax sale should apply to the case where an undivided interest in the property sold is separately assessed.
The principle of law has apparently never been decided by our State Supreme Court.
As authority for their position, counsel for plaintiffs rely on the case of Atlantic Refining Company v. Golson, 127 So.2d 341 (La.App. 2 Cir.1961) cert, denied. In this case Atlantic instituted concursus proceedings as the operator of certain pool and unitized lands from which oil and gas were being produced. Made defendants were the Jackson heirs and the Golson heirs. In 1920 D. P. Golson owned an undivided one-half interest in the property involved in the concursus, and the other one-half interest was owned by Orell and Silia Jackson. For the year 1921 the property was assessed to D. P. Golson as the owner of an undivided one-half interest, and Orell and Silia Jackson were assessed as owning the remaining undivided one-half interest in the property. The taxes were not paid for 1921, and Golson purchased the property at a tax sale in 1922. Prior to the year 1921 the address of the Jacksons had been separately given, but beginning with the 1921 assessment, only the address of Golson was given pursuant to his instructions. The Jacksons never received the delinquent tax notices for the year 1921. Answers in the concursus proceedings were filed by the Golson and the Jackson heirs (the original parties apparently having died before the concursus proceedings). The Golsons filed pleas of five years prescription and also special pleas of ten and thirty years acquisitive prescription. Also a special plea of estoppel. The Jackson heirs answered and contended that the purchase by-Golson at the 1922 tax sale was merely a payment by him for their benefit with the right to re-invest title in themselves by repayment of all past due taxes. The district judge rendered judgment in favor of the Jackson heirs. On appeal the judgment was reversed; the appellate court stating:
“ * * * It is now the well settled law of our state that the adjudication to one of several joint owners of property adjudicated at a tax sale does not divest the other co-owners of their interest in the property. The tax sale only operates as a payment of the taxes for the joint benefit of all of the co-owners, with the right on the part of the adjudicatee to be reimbursed the amount he paid. Bossier v. Herwig et al., 1904, 112 La. 539, 36 So. 557; Murphy v. Murphy, 1914, 136 La. 17, 66 So. 382. However, it has also been held that the right of the co-owners to become reinvested with title upon reimbursing the other co-owners of his share of the taxes is a right that must be exercised within a reasonable time, and if not exercised within such reasonable time, and third parties acquire an interest in the property on the strength of the recorded tax title without any knowledge of the equitable interest of the co-owners to become reinvested in his title, or reimbursing his co-owner for the taxes paid by him, such third person will be protected, and can plead the peremption provided for in Article 10, Section 11, of the Constitution against the attack on the tax sale. Cooper v. Edwards, 1922, 152 La. 23, 92 So. 721.”
Counsel for defendants rely on the case of Boutwell v. Gunter, 185 So. 690 (La. App. 2 Cir.1939) in support of their con *547 tention. In this case the plaintiff filed a petitory action against defendant. Plaintiff’s ancestor in title, his father, acquired the property involved in the suit by patent from the United States. The father of plaintiff died and then his mother. At their death plaintiff and his brother, Arthur, were the sole heirs. Plaintiff was two years of age when his mother died. Some years later Arthur mortgaged his interest in the property to R. J. Walker. Foreclosure proceedings were instituted; and in 1923, the property was adjudicated to Walker at Sheriff’s sale in March of that year. In 1923 Walker paid all taxes due on their interest. In 1922 the entire tract was assessed in the name of Arthur Boutwell. In June, 1923, Walker purchased the remaining one-half interest in the property for non-payment of 1922 taxes. In 1934 Gunter purchased the property from parties who traced their title to Walker. Defendant defended the suit on the validity of the 1923 tax sale. He also pleaded five and ten year acquisitive prescription. The district court rendered judgment in favor of plaintiff. On appeal the judgment of the district court was reversed. In reversing the district court judgment, the appellate court said:
“It is the contention of the plaintiff in this action that Walker purchased the property as a cotenant, thereby purchasing in the name of his co-owner, thus acquiring no interest in the property other than a right to the reimbursement of taxes and expenses paid by him. However, we are of the opinion that this doctrine will not apply in the present situation. The property sold at tax sale was not owned in common by Walker and the plaintiff. Three months prior to the sale, Walker had acquired an undivided one-half interest in the property and at that time he paid all taxes due on that portion of the property up to that date. In June, the remaining one-half interest in the property which was assessed to Arthur Boutwell was sold at a tax sale. Walker had no interest whatsoever in the property which was offered for sale. The taxes on his interest in the property had been fully paid some three months in advance of the sale. His motive in purchasing the property could not have been to protect an interest held by him in the property, as he had none. His purchase of the property can no more be said to have been made for the benefit of the plaintiff than the purchase of property sold for taxes by the owner of the land next adjoining.” (Emphasis theirs, j
Defendants in the instant case state further that it was proper and preferable for the assessor to assess the various ownerships separately citing, among other cases, Shaw v. Watson, 1S1 La. 893, 92 So. 375. In that case the court stated:
“ * * * When two or more persons own a tract of land jointly, and in equal proportions, it may be assessed for taxes as a whole, in the names of both or all of its owners. But, when two or more persons own a tract of land jointly, but in unequal proportions, the correct way to assess it for taxes is to assess each fractional part or proportion to its owner. Russell v. Lang, 50 La.Ann. [36] 44, 23 South. 113; Howcott v. City of New Orleans, 107 La. 305, 31 South. 668. * * * ”
Counsel for plaintiffs content that in the case of Keller v. Haas, 209 La. 343, 24 So.2d 610, the fractional interests of the co-owners were separately assessed, but, nevertheless, the Supreme Court followed the rule of law that, generally, as between co-owners, a sale to one of them for delinquent taxes amounts to' payment of taxes and inures to the benefit of all co-owners. In the Keller case, supra, Dr. D. W. Haasi purchased from Octavia Keller on July 11, 1895, an undivided one-fourth interest in a-tract of land containing 35 acres, more or less. On July 8, 1915, he purchased at a tax sale 24 acres of said tract, said Sheriff’s deed being dated July 9, 1915. For the year 1914, Dr. Haas was assessed with 12 acres of the Keller property although he owned only an undivided one-fourth interest in said property. 24 acres of the prop *548 erty sold by Octavia Keller to Dr, Haas was assessed to George and Annie Keller for the year 1914 although Dr. Haas owned an undivided one-fourth interest in the property. We obtained the above information from the original record of the Keller case which is in the Supreme Court files. From an examination of the record in the Keller case we do not find that assessments of separate fractional interests were made to the parties in that suit.
After an examination of the Boutwell and the Atlantic Refining Company cases, supra, we conclude that they are not in conflict. The undivided interests of the owners of the property in controversy were separately assessed, which, under Shaw v. Watson, supra, is the correct procedure since the fractional interests owned by the parties were in unequal proportions.
There was no obligation in the instant ca§£ on the part of the defendant, Jeaner-ette, to see that plaintiffs’ taxes were paid, or vice versa. We see no difference in Jeanerette buying the property at the 1890 tax sale as if it had been purchased by a third party owning no interest in the property prior to the tax sale.
There is no allegation of fraud by defendant, Jeanerette, or that there was a fiduciary relation between it and plaintiffs, or that Jeanerette had agreed to pay the taxes for plaintiffs’ ancestors.
We agree with the trial judge that the tax sale of 1890 is valid; and that the judgment of the district court maintaining the exception of no right of action and peremption is correct.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.
On Application for Rehearing
En Banc. Rehearing denied.