DOMENGEAUX, Judge.
Plaintiffs in this tort suit, at trial by jury, were awarded money judgments. Defendants were granted a suspensive and devolutive appeal. Plaintiffs answered the appeal seeking an increase in the awards. Plaintiffs then filed in this court, a motion to dismiss defendants’ appeal on the grounds that the return date was improperly extended by the trial judge and that costs required under Article 2126 of the Louisiana Code of Civil Procedure were not paid.
We consider herein the motion to dismiss the appeal as well as the appeal itself.
ON MOTION TO DISMISS APPEAL
On December 7, 1970, defendants moved for a suspensive and devolutive appeal. The appeal was granted, and was made re *184 turnable to this court on February 1, 1971. The trial judge subsequently, on motion of the Clerk of the District Court, extended the return date to March 1, 1971. On February 26, 1971 the trial judge signed an order extending the return date to March 10, 1971.
The last extension was granted upon motion of the defendants rather than upon motion of the Clerk. Plaintiffs-movers contend that under Article 2125 of the Code of Civil Procedure, an extension of a return date can be granted only upon motion of the Clerk or Deputy Clerk of the District Court and not upon motion of a party litigant. The movers additionally contend that under Article 2126 of the Code of Civil Procedure, all costs for preparing the record of the appeal and filing fees required by the appellate court to lodge the appeal must be paid to the Clerk of the trial court not later than three days prior to the return date.
This Court answered the first contention in Guilbeau v. Jeanerette Lumber & Shingle Co., 214 So.2d 392. (La.App.3d Cir. 1968). In that case, in discussing the issue of whether or not a party to a suit could move for an extension of the return date, this court, sitting en banc, stated:
“ * * * the circumstance that LSA-C.C.P. Article 2125 and LSA-R.S. 13:4438 (1960) specifies that the trial court ‘may’ extend the return date upon application of the Clerk or Deputy Clerk does not, in our opinion, prevent the trial court from exercising this discretionary power upon timely motion of any party to the proceeding. We do not regard the grant of this discretionary power to extend the return date as so rigidly formalized as to strike with invalidity a motion for the same relief filed with any other party, especially in view of the entire approach of the Code of Civil Procedure revision to eliminate technicalities which caused the unnecessary dismissal of appeals on procedural grounds”. (Emphasis added.)
In answer to the second contention advanced by plaintiff-movers, the trial Clerk is not required to lodge the record with the appellate court unless the costs of preparing the record on appeal and the filing fee with the appellate court are paid. LSA-C.C.P. Art. 2127; LSA-R.S. 13:4445. However, when the trial Clerk does timely file the record in the appellate court, together . with the payment of the appellate court’s filing fee, then the question of the appellant’s failure to comply with LSA-C.C.P. Art. 2126 becomes moot, since the purpose of the article is simply to assist the trial Clerk to receive such fees and costs in time to file the record in the appellate court by the return date. Matlock v. Allstate Ins. Co., 153 So.2d 776 (La.App.3d Cir. 1963), Downey v. Bellue, 178 So.2d 778 (La.App.1st Cir. 1965).
In this case, the proper appeal bond has been timely filed, the record has been lodged in this court, and this court’s filing fee has been paid, therefore the appellants’ failure to pay the costs and fees under LSA-C.C.P. 2126 to the trial court three days prior to the return date is irrelevant.
Accordingly we deny the motion to dismiss this appeal.