SAVOY, Judge.
Plaintiff filed a suit for partition by lici-tation alleging he was the owner of an undivided one-half interest in real estate acquired at a tax sale. Defendant filed, among other pleadings, a general denial alleging she was the owner of all of the property involved. After a trial on the merits, the district judge declared plaintiff to be the owner of an undivided one-half interest and decreed a partition by licitation. Defendant has appealed.
The record reveals that Fleming Allen acquired the property in 1938. The deed did not recite his marital status. In 1926, Fleming Allen and Lillie Johnson applied to the Clerk of Court for Calcasieu Parish, Louisiana, for a marriage license. There is nothing in the record to show whether the marriage ceremony was performed. Fleming Allen applied for a license to marry defendant in 1952. In the application he stated that he had been married twice before. Defendant also testified that Fleming Allen lived with Lillie Johnson. The record also reveals that these parties were living together at the time of the purchase of the property in 1938. Based on this evidence the trial judge found a valid marriage between Fleming Allen and Lillie Johnson (being the same as Lillie Jones Allen). We agree with the ruling of the trial judge. The provisions of LSA-C.C. Article 105 relating to the formalities for a marriage have been held directory and not mandatory. Parker v. Saileau, 213 So.2d 190 (La.App. 3 Cir. 1968).
The next matter to be determined is whether plaintiff has a valid title to an undivided one-half interest in said property.
The property was assessed one-half to the children of Lillie Johnson, Amos May-berry and Donnie Martin, recognized as children of Lillie Johnson (Lillie Jones Allen) and as such placed and sent in possession as owners of an undivided one-half interest in the property in controversy by judgment dated April 22, 1955, and one-half to defendant. The children of Lillie did not pay their portion of the taxes, and the property was sold to Jenkins and Rogers for the unpaid taxes for the year 1957. This undivided interest was then sold to Jenkins at tax sale. The last tax sale was from Jenkins to Charles S. Ware in 1963. As shown from the record, Ware was acting as agent for plaintiff who was the real owner. Defendant acquired her interest in the Succession of Fleming Allen by judgment of court dated May 10, 1955.
The Assessor of Calcasieu Parish, Louisiana, testified that in 1956 defendant applied for a homestead exemption on an undivided one-half interest in the property; that the other one-half interest was assessed to Amos Mayberry and Donnie Martin for that year. In 1960, he testified, it was assessed to Charles Jenkins and Will Rogers; and in 1961 and 1962, it was assessed to Charles Jenkins. It is presently assessed to Charles S. Ware.
*491 Counsel for appellant contends notice of delinquency and notice of tax sale must be given the owner of immovable property; and that if said notice is not given, the tax sale is null. In the instant case the Assessor testified that there were two separate assessments on the property, each for a one-half interest. This being true, there was no need to notify defendant since her half interest was not being sold. The half interest assessed to Mayberry and Martin could be sold at tax sale, and the purchaser acquired a valid title. See Guilbeau v. Jeanerette Lumber & Shingle Co., Ltd., 255 La. 527, 232 So.2d 67 (1970).
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.