REDMANN, Judge
(concurring).
C.C.P. art. 3662 reads (with emphasis added):
“A judgment rendered for the plaintiff in a possessory action shall:
“(1) Recognize his right to the possession of the immovable property or real right, and restore him to possession thereof if he has been evicted, or maintain him in possession thereof if the disturbance has not been an eviction;
“(2) Order the defendant to assert his adverse claim of ownership of the immovable property or real right in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, if the plaintiff has prayed for such relief; and.
“ (3) Awa^d him the damages to which he is entitled and which he has prayed for.
“A suspensive appeal from the judgment rendered in a possessory action may be taken within the delay provided in Article 2123, and a devolutive appeal may be taken from such judgment only within thirty days of the applicable date provided in Article 2087(1) — (3).”
The article appears to apply only to “A judgment rendered for the plaintiff * * * ”
The article’s second paragraph is not explicitly restricted by the same words. But plainly suspensive appeal can only lie from a judgment for plaintiff. The wording “a devolutive appeal may be taken from such judgment only within thirty days * * * ” may refer either to the second paragraph’s “the judgment” from which suspensive appeal lies (i. e., for plaintiff), or to the *95 first paragraph’s “A judgment rendered for the plaintiff”.
Furthermore, limiting devolutive appeal to 30 days is required by the first paragraph’s subd. (2)’s order (in a judgment for plaintiff) that defendant file a petitory action in not more than 60 days from the judgment’s becoming executory, or be precluded. To allow the ordinary 90 days for devolutive appeal from “such judgment” would result in the anomaly of the judgment becoming executory, C.C.P. art. 2252 (not definitive, see C.C.P. art. 1842), after the 15-day suspensive appeal period passed, and therefore the defendant would he obliged by the 75th day to file a petitory action by a judgment from which he could still appeal until the 90th day. (Compare art. 3657.) By limiting devolutive appeal from judgment for plaintiff to 30 days the obviousness of this anomaly is avoided. (The anomaly unobviously remains: devol-utive appeal in 30 days will not have stopped the judgment from becoming “ex-ecutory” in 15 days, although one might suppose a court would find some way to hold that the 60-day period for the petitory action would not run.)
No such anomaly exists when judgment is for defendant. No special reason arises for limiting devolutive appeals to less than the usual 90 days. A plaintiff who loses a possessory action can institute a petitory action not only more than 60 days later (which a losing defendant cannot do), but even more than 90 days later (perhaps as much as 29 years later). While art. 3662’s Comment (d) recites the 30-day appeal period “expedites a definitive judgment in the possessory action”, obviously a judgment for defendant is not so “definitive” of the entire rights of the parties as a judgment for plaintiff ordering petitory suit by defendant within 60 days or never.
I would conclude that it is at least doubtful that C.C.P. art. 3662 defeats this appeal, and because appeals are favored and “should be maintained unless a legal ground for dismissal is clearly shown”, Favrot v. Favrot, 1968, 252 La. 192, 210 So.2d 316, 317, I would have voted to maintain the appeal despite the contrary ruling of the First Circuit in Siracusa v. Kramer, La.App.1972, 271 So.2d 546.
However, the Louisiana Supreme Court refused writs in Siracusa, 273 So.2d 843, giving as its reason “No error of law in the judgment.”
Obliged to follow the Supreme Court, we have no choice but to dismiss this appeal.