SAMUEL, Judge.
The matter before us at this time is a plaintiff motion to dismiss the devolutive appeal taken by one of the defendants. The motion is based on the ground that the appeal was not perfected within the delay allowed by law.
The following facts and dates are pertinent: The judgment appealed from was read, rendered and signed June 17, 1974 *805 and notice of the judgment was mailed to all counsel on the same day. Appellant filed a motion for a new trial on June 25, 1974, which motion was dismissed on the ground it had not been timely filed. The petition for appeal was filed, and the appeal was granted, September 16, 1974. The appeal order requires the furnishing of security in the sum of $600. The record on appeal shows the $600 appeal bond was filed September 19, 1974.
Code of Civil Procedure Article 2087 provides a devolutive appeal may be taken, and the security therefor furnished, within 90 days after the expiration of the delay for applying for a new trial, if no application has been timely filed.[1] Code of Civil Procedure Article 1974 provides the delay for applying for a new trial is three days and, when notice of the judgment is required, the delay commences to run on the day after the clerk has mailed such notice. Under these articles the appeal in the instant case must be dismissed if the security was not furnished, as the record indicates, until September 19, 1974. As the delay for applying for a new trial expired on June 20, 1974, it was incumbent upon the appellant to perfect his appeal, which includes the furnishing of- the required security, within 90 days commencing June 21, 1974 (June 18, 19 and 20 being the three days during which application for a new trial could be made) and September 19, 1974 was the 91st day after June 20, 1974.
However, the appellant contends he furnished the bond on September 17, 1974, which was within the 90 day delay allowed. He has furnished us with an affidavit of the trial court deputy clerk who received the bond. The affidavit states the deputy distinctly recalls receiving and holding the bond on September 17, 1974; he marked appellant’s copy thereof as “filed” on that date; the person delivering the bond had failed to bring a check with him to pay the $1 filing fee and affiant advised that person he could bring the check the next day; he has reviewed the minute books of the Clerk’s office and, although the entry originally made on the books docketed the bond on the 17th, someone other than himself altered the figure 17 to the figure 19, apparently the day the bond was put through the register; on the 18th the check for the filing fee was delivered, but it was not put in the register until the next morning, the 19th. We have also been furnished with affidavits by the attorney who took the appeal and the law clerk who brought the bond to the Clerk’s office, which affidavits coincide with the deputy clerk’s affidavit as to all matters reasonably within the knowledge of those two affiants. We have nothing before us which contradicts any of the three affidavits.
Accordingly, we accept as factual the contents of the affidavits. Under those facts, the bond was actually filed, and the required security thus furnished, on September 17, 1974, within the delay allowed for the taking of the appeal. When the Clerk actually received the filing fee, or whether or not that fee actually was paid, is immaterial insofar as timeliness of the appeal is concerned.[2]
For the reasons assigned, the motion to dismiss the appeal is denied.
Motion denied.

. In pertinent part the article reads:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;” LSA-C.C.P. Art. 2087.

. A situation similar to the requirement of paying a filing fee is to be found in our settled jurispi’udence holding that where the Clerk’s fees are not paid the absence of such payment is immaterial to the appeal when the Clerk nonetheless lodges the appeal in the appellate court. Suire v. Patin’s Tire Service Inc., 251 So.2d 182, and cases cited therein.