SCHOTT, Judge.
Appellee has moved to dismiss this appeal on the following grounds :
“1 That the full transcript of this trial has not been lodged in the Court of Appeal, because in accordance with information received from the Court Stenographer who took two days of the testimony she was not paid for her work by the Appellant.
“2. The bond filed in connection with this appeal is defective and since it does not specify any amount for which the Appellant and his Surety are bound and the time for living bond has expired.”
Taking these in inverse order, while the amount of the bond is omitted from its indemnification paragraph, in the bond’s preamble appellant recites that he “has this day obtained an order of suspen-sive appeal therein, conditioned upon the furnishing of this obligation.” This order fixes the amount of the bond at $750. Upon reading both the bond and the order, it is apparent that the bond is for $750 by reference. We have concluded that appel-lee’s objection is to the form of the appeal bond, jurisdiction over which remains in the trial court pursuant to LSA-C.C.P. Art. 2088. Therefore, the motion to dismiss the appeal on that ground is denied.
We note here that appellee’s motion was filed on August 29, 1975, while the date of the lodging of the appeal and the last extended return date was on August 18, so that the motion was not filed within the three day limit prescribed by C.C.P. Art. 2161. Nevertheless we have considered the motion with respect to the defective bond because appellee suggested that the bond’s deficiency was a jurisdictional defect.
With respect to appellee’s first ground for dismissal, the untimeliness of her motion requires that it be overruled pursuant to Favrot v. Favrot, 252 La. 192, 210 So.2d 316. Nevertheless, it is necessary for us to order the trial court to complete the record pursuant to C.C.P. Art. 2132. The record contains a transcript of the proceedings held in the trial court on September 24, 1974, but that transcript shows that the matter was continued until November 25. An affidavit by the stenographer recites that the transcript of two days of testimony was not lodged in the Court of Appeal because she was not paid for the transcript “despite repeated demand for payment.” The clerk has likewise certified to us that only one day’s testimony has been filed. However, the attorney for the appellant in an affidavit recites that the charges made by the court reporter for the two days’ testimony “are unknown to defendant.”
Although C.C.P. Art. 2132 authorizes us to order the trial court to file the transcript of additional testimony in this Court, C.C.P. Art. 2127 provides that he shall do so only “upon the timely payment to him by the appellant of all fees due in connection with the appeal . . ..” For this reason, our order will be conditioned upon payment by appellant of the cost for transcribing the additional testimony.
Accordingly, the motion to dismiss the appeal is denied. The clerk of the 24th Judicial District Court is ordered to supplement the record of this case on appeal by filing the transcript of testimony taken by Faye B. Cemo, Court Reporter, within thirty days from date of this order, provided that the appellant pays all fees due in connection with this transcript.'
Motion denied.
Order issued.