DENNIS, Justice.
The single procedural issue presented by this case is whether relator’s payment of estimated court costs during the delay for taking a devolutive appeal is tantamount to the timely posting of security required by La.C.C.P. art. 2087, before its amendment effective January 1, 1978, and should have prevented the dismissal of his devolutive appeal.
At the time the appeal was dismissed in the instant case La.C.C.P. art. 2087 provided that the security for court costs of a devolutive appeal must be furnished within the same sixty-day delay provided for taking the appeal. It is undisputed that the relator did not furnish timely security but that he did pay the costs estimated by the clerk of court during the delay period. The court of appeal dismissed his appeal, and we granted relator’s writ to review the question presented. 358 So.2d 633 (La.1978).
We are impressed with the soundness of an earlier decision by the court of appeal, Bacmonila Garden Apartment, Inc. v. Williams, 355 So.2d 288 (La.App. 4th Cir. 1978), holding that the payment of estimated costs within the delay for appealing de-volutively is the equivalent of furnishing a cash bond for the costs. We agree and adopt the court of appeal’s opinion and rationale as our own. Because of the strong policy of the law favoring the maintenance of appeals unless a legal ground for dismissal is clearly shown, Davidge v. Magliola, 346 So.2d 177 (La.1977); Favrot v. Favrot, 252 La. 192, 210 So.2d 316 (1968), and since the object of security for payment of costs is the timely payment of costs, the payment of estimated costs within the delay for taking a devolutive appeal is equivalent to a timely furnishing of security.
For these reasons the judgment of the court of appeal is reversed and the case is remanded for further proceedings at respondent’s cost.