No. 23902.

EARL A. JENNINGS, KENNETH C. JENNINGS, F. A. JENNINGS, MARY M. BOYD, AND THE HEIRS OF ETHEL PETERS *v.* FLOYD G. BRADFIELD AND MARY W. BRADFIELD.

(454 P.2d 81)

Decided May 12, 1969.

JAMES D. CHILDRESS, for plaintiffs in error.

DILTS AND WILSON, for defendants in error.

*En Banc.*

Mr. Justice Groves delivered the opinion of the Court.

This was an action to quiet title to land brought by the plaintiffs in error against the defendants in error. The parties were similarly aligned in the trial court. The case was submitted there on an agreed statement of facts and, as is apparent, the defendants prevailed.

In 1928 Albert Jennings owned the entire interest in the property. At that time, he conveyed a one-third interest to his wife and a one-third interest to Merta Bradfield, his wife's sister. The wife immediately thereafter conveyed her one-third interest to Merta Bradfield.

Plaintiffs are the descendants of Albert Jennings and upon his death in 1936 and their mother's death in 1942 they succeeded to the ownership of Albert's retained one-third interest. After 1928 the property was separately assessed, one-third to Merta Bradfield, one-third to Albert Jennings and one-third to his wife. None of the taxes were paid in 1930 and at a tax sale three treasurer's certificates, each representing a one-third interest, were struck off to the county. In 1943 Merta Bradfield redeemed the certificate representing the one-third assessed to her. An attorney, presumably acting for her, acquired the other two. The attorney applied for and was issued a treasurer's deed to a two-thirds interest in the property. He later conveyed this interest to Merta Bradfield. The defendants are her successors in interest.

The plaintiffs brought this action in 1967, urging that a tenant in common cannot acquire an outstanding tax title in the common property to the exclusion of fellow cotenants, but that such a purchase inures to the benefit of all the cotenants. The trial court ruled otherwise under the authority of *Bennett v. N.C.S.L. & I. Co.*, 23 Colo. 470, 48 P. 812, 58 Am. St. R. 281. Plaintiffs argue that, if *Bennett* is applicable (and it certainly is), we should overrule it. Although we recognize that there

is respectable authority to the contrary (see *Thompson v. Consolidation Coal Company*, 194 Pa. Super. 178, 166 A.2d 286 as an example), we prefer not to depart from the doctrine of *stare decisis* as to the rule laid down by *Bennett* seventy-two years ago. In *Bennett* it was said: "This case was reviewed in the case of *Brittin et al. v. Handy*, 20 Ark. 381, and the latter has for many years been considered the leading case upon the subject. It is suggested in the latter case that the mutual obligation spoken of by Chancellor Kent occurs only between such tenants in common as claim under the same instrument or by act of the parties, or by operation of law; but where this does not appear, in the absence of contract tenants in common are under no greater legal obligation to protect one another's interests than would be required of strangers. In that case Brittin purchased under execution the separate estate of his cotenant in the land. It appears that Brittin and Handy were not tenants in common under the same instrument, although both of their titles were derived from the same source, and it was held that such purchase by Brittin was valid. * * * "The general rule is that one cannot buy who is in a position of trust or confidence to the property, or upon whom a duty is cast not consistent with the character of a purchaser, and a tenant in common can only be held bound to protect the interest of his cotenant when some duty is cast upon him with reference to such interest; for instance, if it is shown to be his duty to pay all the taxes, he cannot allow the land to be sold for such taxes, and then avail himself of the tax title. *Dubois v. Campau*, 24 Mich. 360; *Williamson v. Russell*, 18 W. Va. 612. In the case before us the tax was levied upon undivided interests, and there was no obligation resting upon one tenant to pay the tax of his associates. The interest of each was separately assessed, and Sharratt was not disqualified from taking the tax title. *Brittin v. Handy, Supra;* Freeman on Cotenancy and

Partition, sec. 155; Blackwell on Tax Titles, sec. 578, *et seq.*"

No fiduciary relationship has been shown in this case. We do not agree with the contention that, since Merta Bradfield was the aunt of most of the plaintiffs, she stood in a position of trust. Such propinquity does not of itself establish a fiduciary relationship. Moreover, we note that the separate interests were separately assessed as mentioned in *Bennett.*

Other factors were set forth in the agreed statement of facts and other defenses were asserted by the defendants. The trial court concluded that it was unnecessary to set forth these factors or pass on the other defenses in view of its disposition in the matter. We agree.

Judgment affirmed.