496 P.2d 880

Clarence V. DAWE, Appellant,

v.

Kathryn DAWE, Appellee.

No. 1 CA–CIV 1690.

Court of Appeals of Arizona, Division 1.

May 11, 1972.

**238**

Collins & Harper by Kenneth A. Harper, Phoenix, for appellant.

Sullivan, Mahoney & Tang, by John F. Sullivan, Phoenix, for appellee.

HOWARD, Judge.

Appellant, the plaintiff in the trial court, and hereinafter referred to as the husband, was awarded a divorce in the trial court. On appeal, the husband contends the court erred in the distribution of certain property to the wife.

The trial court made findings of fact and conclusions of law and we are bound to accept these findings unless they are demonstrated to be clearly erroneous. Olson v. State, 12 Ariz.App. 105, 467 P.2d 945 (1970).

The husband contends that the court erred in awarding certain sums in a savings account to the wife as her sole and separate property on the basis that she earned the same while living separate and apart from the husband; that the court erred in awarding to the wife the balance due on a certain promissory note; and that the court further erred in dividing certain other savings accounts equally between husband and wife.

Prior to coming to Arizona the husband and wife lived for many years in the State of California. The wife still lives there. All the property which is at issue was acquired in the State of California. West's Ann.Civ.Code § 5118, as amended, provides that the earnings of a spouse while living separate and apart from the other spouse are the spouse's separate property. The trial court found as a fact that the parties had been living separate and apart since February of 1966 and that the bank accounts at issue were acquired by the wife while living separate and apart from her husband. While there was a conflict of evidence at the trial as to when they actually separated, it is interesting to note that the husband's attorney, in his opening statement to the court, stated that the parties had been living separate and apart since 1966. The court's findings on this issue are not clearly erroneous and the court did not err in awarding to the

wife all sums accumulated by her from her earnings while living separate and apart from her husband.

■ As for the savings accounts, which the court divided equally between the parties, the husband contends that the wife was not entitled to any amount from these accounts because the husband did not know of their existence since they apparently had been accumulated by the wife in secret over the years. The wife testified that she accumulated the accounts in order to save money and prevent her husband from spending the same. The court did not err in dividing these accounts between the parties.

■ The promissory note represents the results of a sale of a motel in Downie-ville, California, which was previously owned by the parties. The payments on the note are $300 per month. Since 1965, the husband has been collecting all the payments on the note.[1] Since at least 1966, the husband has paid no sums for the support of his wife who earned her own money by working as a "live-in" babysitter. The court did not err in awarding the balance of the proceeds of the note to the wife.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

1. Husband paid approximately $2,400 from the proceeds of the note to pay off the mortgage on the parties' home in Grass Valley, California, and has been paying $600 per year for taxes and utilities on the home. The court did not dispose of this property and it is still owned by the parties.