519 P.2d 1165

**ARIZONA PUBLIC SERVICE COMPANY and Minnesota Mining & Manufacturing Co., Appellants,**

v.

**Virginia GAMMONS, Appellee.**

**No. I CA–CIV 2156.**

Court of Appeals of Arizona, Division 1.

March 19, 1974.

Rehearing Denied April 11, 1974.

Snell & Wilmer by H. William Fox, Phoenix, for appellants.

Johnson & Shaw, P. C. by Marvin Johnson, Phoenix, for appellee.

## OPINION

KRUCKER, Judge.

This is an appeal from an amended judgment requiring appellants to reissue shares of stock to appellee Virginia Gammons and to pay her accrued dividends thereon.

In 1966, appellee, formally Virginia Hals-Hagen, owned 200 shares of Arizona Public Service Company stock, bearing certificate Nos. CA 5458 and CA 5459. Each certificate represented 100 shares. She also owned 42 shares of Minnesota Mining and Manufacturing Company stock, bearing certificate Nos. SPL 154328 and NYL 88475, representing 28 shares and 14 shares respectively.

In September of 1966 appellee left her former husband, who was then living in Akron, Ohio, and took up residence in Tempe, Arizona. Her stock certificates were left behind in a box in the basement of their house. Both before and after her divorce in 1967 appellee had written her former husband asking that he send anything which belonged to her.

The record is silent as to any events between 1967 and 1969. However, sometime in early 1969 appellee remarried. After the marriage, she moved two or three times between Luke Air Force Base and Tempe. During this time she received some of her mail at her parents' post office box in Florence, Arizona, because it was a more permanent address.

On or about July 24, 1969, the First National Bank of Arizona, as transfer agent for Arizona Public Service, received an inquiry from Merrill Lynch, Pierce, Fenner & Smith, Inc. as to whether or not a "stop transfer" was outstanding against appellee's APS stock. George Green, manager of shareholder services for Arizona Public Service, contacted appellee by telephone on July 28 or July 29, 1969, and asked her if she still possessed the stock. She informed him that the stock was at her family's home in Florence. Mr. Green suggested that she investigate to be sure. On July 29, 1969, Mr. Green wrote Merrill Lynch Inc. advising them that there was no "stop transfer" outstanding.

Appellee checked for the stock in Florence but did not find it. Because she had moved several times she believed that the stock was still in her possession in a box that she she had not come across yet. She started checking for it, probably got involved in other things and forgot to further search.

Appellee received a dividend check in September and had no reason to believe that she did not have the stock. On February 25, 1970, she first became aware that something was amiss regarding the stock. While doing her income tax she realized that she had not received her December, 1969 dividend. She inquired regarding the status of her stock and later found out that some unknown person had endorsed both the 3M and APS stock which had been transferred.

The 42 shares of 3M had been cancelled and transferred by the issuer September 4, 1969. On September 24, 1969, 100 shares of APS had been transferred and the other 100 shares of APS were cancelled and transferred November 3, 1969. At no time did appellee authorize or have knowledge

of the transfers. Appellee demanded a reissue of like securities and appellants refused.

Appellee then sued for a reissue of stock. The case was submitted to the court, sitting without a jury, on the basis of appellee's deposition, an affidavit of George Green, and arguments of counsel. The court ordered appellants to reissue the transferred stock and to pay appellee accrued interest thereon. On appeal appellants contend that appellee should be precluded from asserting the ineffectiveness of the unauthorized endorsements upon which appellants registered the transfer of stock.

Appellee did not ratify the unauthorized endorsement and may assert its ineffectiveness against appellants. A.R.S. § 44–3026. By virtue of A.R.S. § 44–3039, since appellants transferred appellee's stock to a person not entitled to it, they must issue her like securities unless she is precluded from asserting such a claim under A.R.S. § 44–3040(A), which provides:

"Where a security has been lost, apparently destroyed or wrongfully taken and the owner fails to notify the issuer of that fact within a reasonable time after he has notice of it and the issuer registers a transfer of the security before receiving such a notification, the owner is precluded from asserting against the issuer any claim for registering the transfer under § 44–3039 or any claim to a new security under this section."

Our question therefore becomes whether or not appellee notified appellants that her stock had been wrongfully taken within a "reasonable time" after she became aware of such a fact.

Appellants argue that appellee should have notified them that the stock was in the hands of an unauthorized person following her divorce in 1967. They also contend that they should have been notified in July of 1969 when appellee did not find her stock in Florence following Mr. Green's inquiry.

On the basis of the evidence submitted to the trial court, it expressly found in its Finding of Fact No. 6 that "Plaintiff gave notice of the theft of her stock within a reasonable time after discovery of the theft." This court is bound to accept findings of fact unless demonstrated to be clearly erroneous. Dawe v. Dawe, 17 Ariz.App. 237, 496 P.2d 880 (1972); Ramada Inns, Inc. v. Marriott Corp., 16 Ariz.App. 459, 494 P.2d 64 (1972). We have reviewed the evidence and have found no reason to interfere with the lower court's finding.

As revealed by appellee's deposition, she first became aware that something was amiss with her stock in February of 1970, long after the transfers had been made. While it is true that she did not find her stock in Florence after inquiry by Mr. Green, she still thought she possessed the stock since it had been packed in a box during moving. Mr. Green's inquiry could not have put her on notice that someone was attempting to have her stock transferred. He only asked if she still possessed the stock—not whether she had placed a "stop transfer" on it. We believe that the lower court could properly have concluded that appellee's notice to appellants was within a reasonable time after discovery of the theft.

The judgment is therefore affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).