Treva T. HOWELL and Jeff D. Howell, Appellants,

v.

Evelin C. BACH, Nancy B. Pillon, Mary F. Marshall, Josephine B. Porterfield, Steve C. Bach, Helen H. Watkins, Lena Mae Sergent, Blanche A. Adkins, John S. Hollan, and Falcon Coal Company, Inc., a Delaware Corporation, Appellees.

Court of Appeals of Kentucky.

Aug. 11, 1978.

Rehearing Denied May 11, 1979.

Edward F. Prichard, Jr., William L. Graham, Frankfort, for appellants.

Ed Hays, Hays & Moss, Amos H. Eblen, Eblen, Howard & Milner, Lexington, Joseph W. Craft, Jr., Craft, Barret, Haynes & Ward, Hazard, for appellees.

Before LESTER, VANCE and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a judgment of the Breathitt Circuit Court granting a summary judgment to the individual appellees on their claim of entitlement to share in royalties paid to their cotenants, appellants Treva and Jeff Howell, under the terms of an agreement made by the Howells without the knowledge of these appellees. We affirm.

The Howells and the individual appellees are the joint owners of certain mineral rights which are presently leased from them by appellee Falcon Coal Company. In 1966 all of the then-co-owners of the mineral rights joined in a written lease of the rights to Breathitt Coal Company, predecessor of Falcon Coal Company. Under the terms of this lease, the owners were to receive a royalty payment of 20 cents per ton for the coal mined on the leasehold. Unknown to their cotenants, the Howells were not willing to sign the lease for the payment of 20 cents per ton and, without the knowledge of their cotenants, they negotiated a supplemental contract with the

coal company providing for a payment to them of 5 cents per ton in addition to the 20 cents per ton provided for in the lease agreement. This action was brought by the cotenants claiming that they were entitled to share in the 5-cent royalty.

In granting summary judgment the trial court held that under *Hollowell v. Hobby*, 284 Ky. 142, 143 S.W.2d 1078 (1940), the cotenants were entitled as a matter of law to share in the 5-cent royalty negotiated by the Howells. The Howells contend that the holding in *Hollowell, supra*, has no application to the facts of this case.

The *Hollowell* case also involved a mineral lease entered into by cotenants. Under the terms of that lease they were to be paid a royalty of $2.25 per ton on spar mined and marketed. Without the knowledge of his cotenants, Hobby entered into a separate agreement with the lessee whereby he would be paid $1.75 per ton for hauling the spar from the mine. The amount to be paid him for hauling was greatly in excess of a reasonable hauling charge and the Court concluded that the excess was in reality extra royalties paid to Hobby to induce him to execute and to cause his cotenants to execute the lease for its stated royalty. In holding Hobby accountable to his cotenants for a share in his "extra royalty," the Court said:

> The relationship between joint tenants is not that of partner and co-partner and hence is not permeated throughout with the requirement that benefits derived by each must be shared by all; but it is of such a nature that in dealing with others, joint action is frequently necessary in order to obtain the best results, from which arises the requirement that at least on such occasions one may not profit at the expense of those with whom he is ostensibly acting in concert, and who, from their previous association with him, have the right, under an enlightened code of Ethics, to expect fair treatment.

*Hollowell v. Hobby, supra*, 143 S.W.2d at 1080.

Additionally, the parties cite *Garr v. Boswell*, 18 Ky.L.Rptr. 814, 38 S.W. 513 (1897),

in which the Court held two tenants-in-common liable to their other cotenants for a secret profit they negotiated in the sale of jointly-owned land. In that case the Court stated:

> We concede the right of one joint tenant to sell his interest in land without consulting his co-tenants, and at any time and price he may choose. But when, as in this case, the parties propose to sell together, and the act of one is dependent upon the act of the others, good conscience and fair dealing require that one should not undertake secretly to procure for himself more than it is understood and agreed each and all shall have.

*Garr v. Boswell, supra*, 38 S.W. at 515.

█ The Howells argue, quite correctly, that the mere existence of a cotenancy does not ipso facto create a fiduciary relationship between the cotenants in all dealings among them. They acknowledge, however, that in certain situations the law will impose such a relationship as, for example, when one cotenant acquires an outstanding interest against the jointly-owned property for his exclusive benefit. *Givens v. Givens*, Ky., 387 S.W.2d 851 (1965). We also note that the common law in this jurisdiction is that one is liable to his cotenants for any rents and profits he collects from the joint property. *Larmon v. Larmon*, 173 Ky. 477, 191 S.W. 110 (1917); *Nelson's Heirs v. Clay's Heirs*, 30 Ky. (7 J.J. Marsh.) 138 (1832).

The Howells, again correctly, argue that they had a perfect right to lease their interest in the subject mineral rights to whomever they chose and for whatever royalty they chose without consulting in any way with their cotenants. However, the precise question here is whether, where the Howells did not deal solely with the lessee but elected to join in a lease agreement with their cotenants, the law imposes any fiduciary duty on them to disclose a secret profit or to account for such profit to their cotenants.

█ The Howells answer that, under the cases cited above, such a duty is im-

posed only when the secret profiteer has in some way induced his cotenants to enter into the lease, or when there has been a previous confidential relationship between the cotenants so that each has a right to expect fair and open treatment from the other. Whether either of these elements was present in this case has not yet been factually determined, but we do not believe such determination is necessary. After examination of both the *Garr* and *Hollowell* cases, we are of the opinion that while the element of family relationship was present in *Garr* and a close business relationship and some inducement was present in *Hollowell*, these elements were not considered by the respective Courts to be determinative. Rather, these cases seem to turn on the principle that "the law will not permit one co-tenant, *where all must act in unison*, to obtain a secret profit to the disadvantage of his co-tenants." *Hollowell v. Hobby, supra,* 143 S.W.2d at 1080 (emphasis added). Such a principle is consistent with our common law rule requiring a cotenant to account for rents and profits. The secret profit he is able to obtain as a result of an agreement made by all of the cotenants acting together, in effect, gives him an extra profit from all of the interests in the property, not just from his own. But for the joint act of all he would have no secret profit. This profit is obtained to the detriment of his cotenants who are unaware that a lessee, purchaser, etc., is in fact willing to pay more for the interests he seeks. Such secret profits are not countenanced by our law.

The judgment of the trial court is affirmed.

All concur.