630 P.2d 560

**Lelia STOLTZ, a married woman, in her separate capacity, Plaintiff/Appellant,**

**v.**

**Emma Serene MALONEY, surviving spouse of Joe Maloney, deceased, Defendant/Appellee.**

No. 2 CA–CIV 3835.

Court of Appeals of Arizona, Division 2.

April 30, 1981.

Rehearing Denied June 3, 1981.

Review Denied June 23, 1981.

---

Richard A. Winkler, Douglas, for plaintiff/appellant.

Kerley & DeFrancesco by James K. Kerley, Sierra Vista, for defendant/appellee.

HATHAWAY, Chief Judge.

Following appellant's quiet title action relating to a parcel of real estate in Cochise County, the trial court entered judgment in favor of appellee, imposing a constructive trust in her favor. On appeal, appellant contends there was no clear and convincing evidence to support the finding of a fiduciary relationship between any of the parties, rendering the imposition of a constructive trust error. Additionally, appellant argues that she is entitled to a judgment quieting title in her to the entire interest in the property on the theory of adverse possession.

In order to understand the facts surrounding this matter, it is necessary to trace the title of the property in question back to 1919. In that year, title was conveyed to Samuel F. Maloney. The property had a house and an orchard on it. In 1922, Samuel and his wife, Emma Lee, conveyed an undivided one-half interest in the property to Joe Maloney and Emma Serene Maloney, his wife. Samuel and Joe were

brothers. Samuel and Emma Lee lived on the property, while Joe and his wife lived in Texas. Throughout the next several years, each party paid taxes on his undivided one-half interest in the property. Joe died in Texas in 1951. Consequently, the 1952 taxes on his and his wife's one-half interest were not paid. The Cochise County Treasurer sent notice of the tax delinquency to Joe's address in Texas. Joe's widow, Emma Serene Maloney, through her son-in-law, attempted to tender a portion of the due taxes, but this tender was refused by Cochise County. Thereafter, Emma Serene Maloney paid no taxes on the property. In 1953, Emma Serene was given written notice by Cochise County that her undivided one-half interest would be sold to the state for taxes. In October of that year, her one-half interest was struck off to the state in a tax sale. In 1954, Emma Serene received a redemption notice which clearly indicated that although her interest had been sold to the state, it could be redeemed for a minimal amount of back taxes. Despite receiving this notice, she did not redeem the property.

In 1956, Emma Lee, who lived on the property in Arizona, paid the back taxes on Emma Serene's share and received an assignment of the half interest which had belonged to Joe and Emma Serene Maloney. In 1958, Emma Lee assigned her interest in Joe and Emma Serene's former share to her daughter, appellant Lelia Stoltz. Shortly thereafter, appellant applied for a treasurer's deed for the interest which had formerly belonged to the Texas Maloneys. On February 5, 1959, the treasurer's deed was issued to appellant. Later that year, Samuel F. and Emma Lee Maloney conveyed their one-half interest to appellant, ostensibly leaving her with a 100% interest in the property. Since these conveyances, appellant has paid all taxes on the property. She filed this complaint to quiet title in the land in her on June 1, 1976. Appellees Joe and Emma Serene Maloney answered,[1] denying appellant's allegations, and in a counterclaim asked that a constructive trust be

declared for their benefit in the one-half undivided interest originally conveyed to them. As an affirmative defense, appellee alleged that the 1959 treasurer's deed to appellant was void and did not convey any interest in the property to her.

Appellant moved for summary judgment, filing a number of affidavits setting forth the above facts. The depositions of appellant, appellee, and Betty Jo Maloney Martin, appellee's daughter, were also submitted in support of the motion. After the motion was denied, the parties stipulated that in lieu of a formal trial, the court could determine the issues and render a judgment thereon by considering as testimony and evidence all depositions taken, together with exhibits and affidavits attached to the prior motions. On this basis, the trial court reviewed the record and in a minute entry of May 2, 1980, issued findings of fact and conclusions of law. The court found that Samuel F. and Emma Lee Maloney were tenants in common of the subject real property with Joe and Emma Serene Maloney. It further found that this relationship approximated a business agency, and because of the family ties involved, the relationship induced Emma Serene to place her trust in the Arizona Maloneys and caused her to relax the care and vigilance she would ordinarily exercise. The court found that at the time of the tax sale in 1953, and thereafter, a fiduciary relationship existed between the Arizona and Texas Maloneys. Also, the court found that because of publication deficiencies the treasurer's deed issued to appellant was void and of no effect, and that Emma Serene Maloney had no actual knowledge that the certificate of purchase had been acquired by Emma Lee Maloney. Emma Serene was also found to have had no actual knowledge of the repudiation of her rights by her co-tenants, the Arizona Maloneys. Conclusion of law number nine read:

"By virtue of the fiduciary relationship, the void Treasurer's Deed, and the lack of

---

1. It appearing from the record that appellee Joe Maloney died on November 23, 1951, he is not

a proper party to this action. The caption on appeal has been amended accordingly.

clear disclaimer of the true owners' title and the claim of adverse possession brought home to said true owners, the defendants Joe Maloney and Emma Serene Maloney are entitled to have a constructive trust imposed upon plaintiff for their benefit."

Following a judgment ordering her to convey an undivided one-half interest in the subject property to Emma Serene Maloney, appellant brought this appeal.

On review, we are generally bound to accept the findings of fact of the trial court unless they are demonstrated to be clearly erroneous. *Dawe v. Dawe*, 17 Ariz.App. 237, 496 P.2d 880 (1972). However, this doctrine does not apply to the lower court's conclusions of law and we may draw our own legal conclusions from the facts. *Dietel v. Day*, 16 Ariz.App. 206, 492 P.2d 455 (1972).

We first turn to the issue of whether a constructive trust may be imposed under these facts. A constructive trust arises by operation of law, and is generally imposed when property is acquired under inequitable circumstances, resulting in unjust enrichment of one at the expense of another. *Brown v. Walls*, 10 Ariz.App. 168, 457 P.2d 355 (1969). Arizona cases indicate that a constructive trust arises where there has been fraud, either actual or constructive, *Eckert v. Miller*, 57 Ariz. 94, 111 P.2d 60 (1941), or where there is a confidential or fiduciary relationship plus an implied promise to reconvey. *Murillo v. Hernandez*, 79 Ariz. 1, 281 P.2d 786 (1955). The proof of a constructive trust must be by clear and convincing evidence. *King v. Uhlmann*, 103 Ariz. 136, 437 P.2d 928 (1968). There is no proof in the record, nor is there any argument, that actual or constructive fraud existed in this case. The key to the trial court's imposition of a constructive trust is its finding that a fiduciary relationship existed between the Arizona Maloneys and Emma Serene Maloney, the surviving spouse of Joe Maloney. Based on the facts before us and the facts as found below, we are unable to agree that a fiduciary relationship existed between these par-

ties. The existence of a family relationship without more is not sufficient to create a constructive trust. *Almada v. Ruelas*, 96 Ariz. 155, 393 P.2d 254 (1964); *Smith v. Connor*, 87 Ariz. 6, 347 P.2d 568 (1959). In most cases where a constructive trust has been established, it appears there has been shown in addition to the family relationship such factors as age and infirmity on one hand, actual dominance on the part of one of the parties, an established course of management of the grantor's affairs by the grantee, or other similar facts making it inequitable to allow the grantee to prevail. *Joseph v. Tibsherany*, 88 Ariz. 205, 354 P.2d 254 (1960); G. Bogert & G. Bogert, The Law of Trusts and Trustees, Sec. 482 (rev. 2nd ed. 1978). The facts here show no overreaching on the part of appellant or her parents. In the absence of proof of great intimacy, disclosure of secrets, trusting of power, superiority of position and the like, it was error to impose a constructive trust on the facts of this case.

We recognize the general rule that there exists a fiduciary relationship between tenants in common. *Crossman v. Meek*, 27 Ariz.App. 477, 556 P.2d 325 (1976). The mere existence of a co-tenancy, however, does not ipso facto create a fiduciary relationship between the co-tenants. *Howell v. Bach*, 580 S.W.2d 711 (Ky.App.1978); *Rio Algom Corp. v. Jimco Ltd.*, 618 P.2d 497 (Utah 1980). It is the general rule that tenants in common cannot buy the common property at a tax sale, except for the benefit of all. The purchasing co-tenant's right in the land is not enhanced in such a sale except to secure the payment of the amount expended by him for taxes for the other co-tenants. *Perkins v. Johnson*, 178 Tenn. 498, 160 S.W.2d 400 (1942); *Andrews v. Andrews*, 155 Fla. 654, 21 So.2d 205 (1945); *Albury v. Gordon*, 164 So.2d 549 (Fla.App. 1964). An exception to this general rule arises where the land has been assessed upon the tax books in the names of the owners of the undivided interests separately, and when the owner of each undivided interest could have paid his own tax unaffected by the fact of the joint interest.

Where taxes are assessed separately, as here, against the interest of each co-tenant rather than against the common property as a whole, any co-tenant may acquire exclusively title to parts of the property based upon tax sales against the other co-tenants as long as he acts in good faith and is under no contractual obligation to pay the taxes for the other co-tenants. *Neilson v. Hase*, 229 Ark. 231, 314 S.W.2d 219 (1958); *Jesberg v. Klinger*, 187 Kan. 582, 358 P.2d 770 (1961); *Jennings v. Bradfield*, 169 Colo. 146, 454 P.2d 81 (1969); *Guilbeau v. Jeanerette Lumber & Shingle Co.*, 219 So.2d 545 (La. App.1969), aff'd 255 La. 527, 232 So.2d 67 (1970). Further, assuming the tax sale to the state was properly accomplished, the tenancy in common terminated at that point and the former co-tenants no longer owed any duty to each other. 20 Am. Jur.2d, Cotenancy and Joint Ownership, § 31 (1965). Since there was no fiduciary relationship between the co-tenants herein, Emma Lee Maloney had the right to redeem her former co-tenant's interest in the subject property and convey it to appellant.

Despite this conclusion, another facet of this case compels us to affirm the judgment in appellee's favor. The trial court's findings of fact included:

"16. No recording in the office of the Cochise County Recorder of the affidavits of posting and publication of the list of real property upon which taxes are unpaid and delinquent, and no notice thereof was made by publication, as required by law.

&ast; &ast; &ast; &ast; &ast; &ast;

20. The Cochise County Treasurer caused notice of the application for said Treasurer's Deed to be published once a week for two consecutive weeks, rather than for four weeks as required by law."

Our review of the record indicates that there are sufficient facts to support the conclusion that first, the sale to the state of appellee's undivided half interest in the subject property for delinquent taxes was improperly done, and second, the issuance of the treasurer's deed to appellant in 1959 was also void. Our statutes relating to sale of property for delinquent taxes have remained essentially unchanged for many years. As to the initial sale to the state in 1953, the record reveals no evidence that a proper delinquent tax notice was mailed to the Texas Maloneys, or that affidavits of posting notice and publication were recorded with the Cochise County Recorder, pursuant to Arizona Code Annotated, §§ 73–804 and 73–805 (1939) (currently A.R.S. §§ 42–387 through 42–389). Furthermore, publication of application for a treasurer's deed was not made for four consecutive weeks pursuant to A.R.S. § 42–457, and appellee apparently never received notice of such application by registered mail as required by A.R.S. § 42–456. The provision requiring notice of a tax sale by publication is mandatory. *Kincannon v. Irwin*, 64 Ariz. 307, 169 P.2d 861 (1946). Such publication is the notice which confers jurisdiction to proceed with the tax sale. *Consolidated Motors, Inc. v. Skousen*, 56 Ariz. 481, 109 P.2d 41, cert. den. 314 U.S. 631, 62 S.Ct. 64, 86 L.Ed. 507 (1941). Improper notice of a tax sale as required by statutory provisions is a defect which invalidates all subsequent proceedings. 85 C.J.S. Taxation § 790 (1954). The notice of a tax sale should comply strictly with the requirements of the statute, and the form of notice prescribed by the statute should be followed substantially. 85 C.J.S. Taxation § 793 (1954). Appellant had the burden of establishing her good title, as she was the one claiming under a tax deed. *Consolidated Motors, Inc. v. Skousen*, supra; 85 C.J.S. Taxation § 968b (1954). Appellee's evidence established that the statutory prerequisites were not followed in the tax sale or the issuance of the treasurer's deed, and this evidence was uncontradicted by appellant.

Appellant likewise failed to prove that she or her predecessors in interest gained title to appellee's undivided one-half interest by ouster or adverse possession. Mere occupancy or possession of the premises by one of the co-tenants does not constitute an ouster, nor does a co-tenant's acquisition of a tax title. 86 C.J.S. Tenancy

in Common §§ 29, 34 (1954). Since there was no ouster of co-tenants, appellant cannot claim adverse possession of the subject property. In any event, she failed to establish all the elements of adverse possession.

The portion of the judgment against appellant on her complaint is affirmed. In light of our conclusion that the 1953 tax sale and 1959 treasurer's deed were void, Emma Serene Maloney has an undivided one-half interest in the subject property. Accordingly, the portion of the judgment ordering appellant to convey such interest to her is void. Appellant and appellee are tenants in common of the subject property.

Affirmed as modified.

HOWARD and BIRDSALL, JJ., concur.