907 P.2d 611 (1995)
Christy SMITH, Petitioner,
v.
The DISTRICT COURT IN AND FOR the FOURTH JUDICIAL DISTRICT OF the STATE OF COLORADO, and the Honorable Steven T. Pelican, District Court Judge, one of the Judges thereof, Respondents.
No. 95SA343.
Supreme Court of Colorado, En Banc.
December 18, 1995.
*612 Lloyd C. Kordick & Associates, Lloyd C. Kordick, Colorado Springs, for Petitioner.
Jones, Waters & Bennett, L.L.C., Joseph F. Bennett, Colorado Springs, for Respondents.
Chief Justice VOLLACK delivered the Opinion of the Court.
In this original proceeding, pursuant to C.A.R. 21,[1] we directed the El Paso County District Court to show cause why it should not be prohibited from enforcing its order forbidding counsel to ask potential jurors if they are officers, directors, or policyholders of the defendants' insurance carrier. In accordance with our precedent, we hold that this so-called "insurance question" is admissible during voir dire because it tends to reveal possible interest or bias of potential jurors. We therefore make the rule to show cause absolute.

I.
On February 27, 1993, Christy Smith was seriously injured in a traffic accident involving her vehicle and a truck. She brought a personal injury action against the truck driver and the driver's employer (hereinafter referred to jointly as "defendants"). The defendants were insured pursuant to an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company ("State Farm"). Prior to trial, on August 16, 1995, the defendants filed a motion in limine to prohibit voir dire on the insurance question. Specifically, the defendants' motion requested that the district court prohibit the plaintiff's counsel from asking potential jurors if any of them were officers, directors, or policyholders of State Farm and to prohibit the plaintiff's counsel from mentioning State Farm by name. On October 10, 1995, the court granted the defendants' motion in limine. The plaintiff subsequently filed a petition for writ of prohibition, requesting that this court issue an order prohibiting the district court from enforcing its order forbidding counsel to ask the insurance question during voir dire.[2] Pursuant to the plaintiff's petition, we issued an order to show cause.

II.
The doctrine of stare decisis has long been established in the jurisprudence of this state, Creacy v. Industrial Comm'n, 148 Colo. 429, 433, 366 P.2d 384, 386 (1961), and should be adhered to in the absence of sound reason for rejecting it. People v. Quimby, 152 Colo. 231, 235, 381 P.2d 275, 277 (1963); see also Huydts v. Dixon, 199 Colo. 260, 606 P.2d 1303 (1980); Jennings v. Bradfield, 169 Colo. 146, 454 P.2d 81 (1969).
Considerations of uniformity, certainty, and stability, which are the objectives of the stare decisis doctrine, Kern v. Gebhardt, 746 P.2d 1340, 1345 (Colo.1987), should govern court decisions of this state.
It is well established in Colorado that the insurance questionwhether prospective jurors are officers, directors, or policyholders of the defendant's insurance carriermay be asked by counsel during voir dire of prospective jurors. Kaltenbach v. Julesburg School District, 43 Colo.App. 150, 603 P.2d 955 (1979); Spillane v. Wright, 127 Colo. 580, 259 P.2d 1078 (1953); Rains v. Rains, 97 Colo. 19, 46 P.2d 740 (1935).
When the question of prospective jurors' relationship to the defendant's insurance carrier is raised during voir dire, the purpose is to determine the jurors' prejudices and biases. Rains, 97 Colo. at 30, 46 P.2d at 745. In contrast, when the fact of *613 the defendant's insurance coverage is raised at trial, the effect is to suggest that the defendant is able to pay the plaintiff's claim, which is irrelevant to the merits of personal injury actions. Id. As we stated in Liber v. Flor, 160 Colo. 7, 20, 415 P.2d 332, 339 (1966), this distinction is significant:
In Colorado, during the actual trial of a case, it is improper to mention insurance in either a positive or negative manner. This is different, however, than the questioning of jurors on voir dire where certain types of questions relating to insurance companies [are] proper.
Id. Similarly, CRE 411 distinguishes between raising the issue of insurance to determine whether the defendant is liable, which is impermissible, and raising the issue of insurance for other purposes, which is permissible.[3]
In Rains, 97 Colo. 19, 46 P.2d 740, this court permitted counsel in a personal injury action to ask potential jurors whether they were related to the defendant's insurance carrier. In that case, we stated:
The plaintiff's attorney must be allowed considerable latitude in examining jurors on voir dire.... When back of the defendant stands an indemnity company, actively conducting the defense and having a direct financial interest in the result ... justice demands ... wide latitude in the examination of jurors on voir dire.
Id. at 28, 46 P.2d at 744. The Rains court noted that a side effect of asking the insurance question during voir dire might be that the jury, by implication, is informed that there is liability insurance involved. Id. at 29, 46 P.2d at 745. Nevertheless, we held in Rains that the insurance question is admissible during voir dire because it tends to reveal possible interest or bias of a potential juror, which is relevant to the matter of the individual's fitness as a juror. Id. at 30, 46 P.2d at 745. Our conclusion in Rains was grounded in the purpose of voir dire, which is to enable counsel to select as fair and impartial a jury as possible. Edwards v. People, 160 Colo. 395, 402, 418 P.2d 174, 177 (1966).
Furthermore, this court has held that counsel not only has the right to inquire during voir dire if any prospective juror has a relationship to the defendant's insurance company, but may also inquire into such relationship if one exists. Oglesby v. Conger, 31 Colo.App. 504, 507, 507 P.2d 883, 885 (1972); see also Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185 (1965) (holding that counsel has the right to inquire into any prospective juror's relationship to the defendant's insurance company).
In the case before us, plaintiff's counsel wishes to ask prospective jurors if they have a relationship to the defendants' insurance carrier, State Farm. According to our precedent, counsel may ask the insurance question during voir dire in order to determine the prejudices and biases of prospective jurors. We therefore hold that the district court erroneously prohibited plaintiff's counsel from asking whether prospective jurors are officers, directors, or policyholders of State Farm during voir dire. Because the trial court abused its discretion in this case, we make the rule to show cause absolute.
NOTES
[1] Relief in the nature of prohibition is a proper remedy in those cases where the district court has abused its discretion in exercising its functions. Marquez v. District Court, 200 Colo. 55, 613 P.2d 1302 (1980); Tyler v. District Court, 193 Colo. 31, 561 P.2d 1260 (1977).
[2] The plaintiff's motion to disqualify the trial judge was filed in this court after we issued the rule to show cause. This motion is not properly before us and will not be considered.
[3] CRE 411 provides: "Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose...."